Bigler v. Brashear and another.

WILLIAM BIGLER *v.* WALTER BRASHEAR and another.

Where a purchaser of land at a sheriff's sale does not, at the time, exercise his right of requiring the sheriff to put him in possession, but permits a third person to occupy a part of the premises, he cannot afterwards, by a petition, addressed to the judge of the court from which the execution was issued in chambers, obtain, in a summary way, an order directing the sheriff to put him in possession.

APPEAL from the District Court of St. Mary, *Boyce,* J.

BULLARD, J. Brashear, having purchased at sheriff's sale a tract of land belonging to the present plaintiff and R. J. Walker, did not require of the sheriff to put him in possession of the whole of the property purchased, but permitted the plaintiff to remain on a part of the land, stating, in writing, that in taking possession of a part of the claim of R. J. Walker, on the bayou Bœuf, purchased at sheriff's sale, it was not his object to interfere with any right which William Bigler may have as a settler on public lands, and admitting that he found him in his present occupancy on the 22d of February, 1842. This paper is dated on the 24th of that month.

On the 16th of April of the same year, Brashear applied by petition to the judge of the Fifth District,* in chambers, setting forth his purchase at sheriff's sale, in December, 1841, and that

---

*The execution under which Brashear purchased was issued from the District Court, to the judge of which he applied for the order to put him in possession.

Bigler v. Brashear and another.

Bigler had immediately returned to the house where he had previously lived, and which formed a part of the property sold, and had refused to deliver up or relinquish the same to him, and praying that the sheriff may be commanded by *mandamus* to eject the said Bigler from the premises, and deliver the same to him. Upon this petition the judge gave a written order to the sheriff, to give to the petitioner possession of the premises described in the petition, and to make return of his acts within forty days. The clerk thereupon issued a formal writ of possession, and it was to restrain the sheriff in the execution of that writ that the present injunction was obtained.

The injunction was dissolved after trial upon the merits, and the plaintiff has appealed.

It is not necessary to enquire, at this time, what effect ought to be given, as it relates to the plaintiff's right of possession, to the written admission of the defendant, Brashear; but we are clearly of opinion that, whatever may be the rights of the parties, the purchaser at the sheriff's sale has mistaken his remedy; and that the order to the sheriff to put him in possession was improvidently issued, and ought to be set aside. The purchaser had an undoubted right to require the sheriff to put him in possession at the time of the sale; but having desisted from this right, and even permitted the plaintiff, Bigler, to occupy a part of the premises, the judge in chambers, was unauthorised, in a summary way, to order the sheriff to proceed and eject him.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed; and it is further decreed that the injunction herein granted be maintained and perpetuated, and the writ of possession quashed and set aside, reserving to Walter Brashear any right he may have, by legal means, to obtain possession of the property purchased by him; and that he pay the costs of both courts.

*Splane* and *Stewart*, for the appellant.

*Dwight*, for the defendants.